IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCUS CARDER, | ) |
| Petitioner, | ) Civil Action No. 09-313 Erie |
| v. | ) |
| SUPERINTENDENT LAWLER, et al., | ) Magistrate Judge Susan Paradise Baxter |
| Respondents. | ) |

# OPINION AND ORDER[1]

## I. Introduction

The Petitioner, Marcus Carder, is a state prisoner who is currently incarcerated at the State Correctional Institution in Huntingdon, Pennsylvania. He is serving an aggregate term of incarceration of 34 months to 10 years imposed on January 30, 2007, by the Court of Common Pleas of Erie County. Pending before the Court is his Petition for Writ of Habeas Corpus, which he has filed pursuant to 28 U.S.C. § 2254. [ECF No. 3]. Respondents have filed a motion to dismiss [ECF No. 8] contending, *inter alia*, that the petition is untimely. Petitioner has filed two replies [ECF Nos. 14, 16] and the motion is now ripe for review. For the reasons set forth below, the Court shall grant Respondents' motion, deny the petition as untimely, and direct the Clerk of Courts to close this case.

### A. Background[2]

On December 19, 2006, Petitioner pleaded guilty to the crimes of criminal conspiracy,

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment. [ECF Nos. 12, 17]. Petitioner recently has indicated an intent to withdraw his consent [see ECF No. 24], but he is not permitted to do so for the reasons discussed *infra*.

[2] Respondents have submitted the relevant transcripts and the original state court record ("SCR"), which contains documents numbered 1 through 35. Those documents shall be cited to as "SCR No. __."

1

receiving stolen property, and access device fraud. He was represented by Dennis Williams, Esq. At the plea hearing, Petitioner was informed of his appellate rights and of the applicable deadlines. (Plea Hr.'g Tr. at 5-6). The trial court imposed his sentence on January 30, 2007, and at that time he once again was advised of his appeal rights and applicable deadlines. (Sentence Hr'g Tr. at 2-4).

Petitioner did not file post-sentence motions or an appeal. Accordingly, his judgment of sentence became final on or around March 1, 2007, the date on which the 30-day period to file an appeal expired. Pa.R.App.P. 903; Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking such review).

On August 10, 2007, Petitioner, acting *pro se*, filed a motion for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA.CONS.STAT. § 9541 *et seq*. He raised a number of claims, including a claim that Williams was ineffective for failing to file post-sentence motions and a direct appeal. (SCR No. 8). The PCRA Court appointed William J. Hathaway, Esq., to represent him. (SCR No. 9).

Hathaway subsequently filed a supplemental PCRA motion. In this supplement, Hathaway indicated that after having reviewed the record, it was his opinion that the only claim that had arguable merit was Petitioner's allegation that Williams was ineffective for failing to file post-sentence motions and a direct appeal. (SCR No. 13). Hathaway asserted that as relief, the court should reinstate Petitioner's direct appeal rights.

The Commonwealth opposed the requested relief. (SCR No. 16). The PCRA Court scheduled a hearing limited to the issue of whether Williams was ineffective for failing to file post-sentence motions and a direct appeal. It denied Petitioner's other claims without a hearing. (SCR Nos. 20, 22).

The PCRA Court presided over the hearing on January 17, 2008. Williams, Petitioner, and his sister, Bessie Carder, testified. Williams stated that at the sentencing hearing he discussed post-sentence and appellate rights with Petitioner. He said that he "received no communication from [Petitioner] in the courtroom or thereafter with regard to his desire to appeal[.]" (PCRA Hr'g Tr. at 31-33). Petitioner acknowledged that he was made aware of his post-sentence and appellate rights

at sentencing, but stated that Williams did not personally explain those rights. He also testified that immediately after sentencing he requested that Williams file a post-sentence motion and a direct appeal. He claimed to have made numerous unsuccessful attempts to contact Williams. (Id. at 5-6). Bessie Carder testified that she was present at the sentencing hearing and heard her brother request that Williams file a direct appeal. (Id. at 21).

Following the evidentiary hearing, the PCRA Court issued an order denying Petitioner's request to file post-sentence motions and an appeal *nunc pro tunc*. (SCR No. 21). It explained:

> Considering all the testimony presented by the parties and the manner in which it was presented, the Court was required to make a determination with regard to what testimony would be accepted as true and would be regarded as untrue or inaccurate. It is the Court's opinion that [Petitioner's] and his sister's testimony was not believable. In particular, the Court noted that given the way in which the courtroom at issue is laid out, it was highly unlikely that Bessie Carder's testimony that she overheard her brother asking Mr. Williams to file an appeal was true. In addition, the Court believes that Mr. Williams' recitation of the facts is accurate and that he did not receive a request from [Petitioner] to file an appeal. The record before the Court indicates that Mr. Williams had been diligent in responding to the [Petitioner's] concerns prior to his plea and sentencing and the record is insufficient to conclude that Mr. Williams was not truthful or accurate in his representation that a request for an appeal had not been made.

(SCR No. 28 at pp. 1-2).

Petitioner, through Hathaway, filed an appeal with the Superior Court. (SCR Nos. 24, 27). On December 3, 2008, the Superior Court issued a Memorandum affirming the PCRA Court's decision. (SCR No. 29). Petitioner did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. In a letter to Petitioner from Hathaway dated January 4, 2009, Hathaway wrote:

> I am in receipt of your letter dated December 17, 2008 in which you state your desire to proceed with the filing of a Petition for Allowance of Appeal with the Supreme Court of Pennsylvania. Please be advised that in my judgment the filing of the Petition would be a fruitless exercise.... The Supreme Court will in no manner grant allocatur to adjudicate an appeal dealing solely with a question of credibility, which is essentially what your PCRA dealt with as to whether your counsel failed to abide by a directive to file an appeal on your behalf. I understand your frustration with the Court finding that credibility determination in favor of Attorney Williams and not you and your sister. However, that does not provide any sound basis for the filing of a Petition for Allowance of Appeal before the Supreme Court of Pennsylvania based on my legal judgment and experience.
>
> If you have any questions, please contact my office.

[ECF No. 14 at p. 16].

On or around December 15, 2009, Petitioner filed with this Court his *pro se* Petition for Writ of Habeas Corpus. [ECF No. 3]. He claims he was denied his constitutional right to effective trial counsel and due process and asserts that he should be permitted to withdraw his guilty plea. As relief, he seeks an order from this Court directing Respondents to release him from custody.

### B. Petitioner May Not Withdraw His Consent To Have a United States Magistrate Judge Conduct All Proceedings In This Case

In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of a final judgment. [ECF Nos. 12, 17]. Recently, however, Petitioner filed a form that is provided by the Clerk's Office indicating that he wants a District Judge to hear this case. [ECF No. 24].

"[T]here is no absolute right to withdraw consent once granted." United States v. Neville, 985 F.2d 992, 1000 (9th Cir. 1993). Indeed, "[o]nce a right, even a fundamental right, is knowingly and voluntarily waived, a party has no constitutional right to recant at will." Carter v. Sea Land Services, Inc., 816 F.2d 1018, 1021 (5th Cir. 1987).

As the Carter Court explained:

> We therefore conclude that there is no absolute right to withdraw a validly given consent to trial before a magistrate. Consistent with the standard for granting motions to withdraw other waivers of rights, motions to withdraw consent to trial before a magistrate may be granted only for good cause, determination of which is committed to the court's sound discretion . . . .
>
> In exercising its discretion a court should consider a variety of factors, always remaining open and receptive to consideration of these motions. . . . Among the things a court may consider are: undue delay, Gandy v. Alabama, 569 F.2d 1318 (5th Cir. 1978), inconvenience to the court and witnesses, United States v. Lochamy, 724 F.2d 494 (5th Cir. 1984), prejudice to the parties, United States v. Unum, 658 F.2d 300 (5th Cir. 1981), whether the movant is acting pro se, Lewis [v. Thigpen, 767 F.2d 252 (5th Cir. 1985)], whether consent was voluntary and uncoerced, United States v. Carr, 740 F.2d 339 (5th Cir. 1984), whether the motion is made in good faith or is dilatory and contrived, Gandy, the possibility of bias or prejudice on the part of the magistrate, Chanofsky v. Chase Manhattan Corp., 530 F.2d 470 (2d Cir. 1976), and whether the interests of justice would best be served by holding a party to his consent, Parks v. Collins, 736 F.2d 313 (5th Cir. 1984) (motion to withdraw consent to magistrate).

Id. at 1021. Moreover, it is the party seeking to withdraw consent who has the burden of

persuasion to show that he should be permitted to withdraw the consent. See id. ("In this case, Carter [*i.e.*, the party seeking to withdraw consent] presented the magistrate no legitimate reason to permit withdrawal of her consent.").

Plaintiff has not carried his burden to show that he should be permitted to withdraw his consent. Accordingly, the undersigned shall conduct all proceedings in this case, including entry of a final judgment.

### C. The Petition Is Untimely

In their motion [ECF No. 8], Respondents contend that Petitioner's habeas petition must be denied because it is untimely under the statute of limitations set forth in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244(d). AEDPA requires, with a few exceptions not implicated here, that a state prisoner seeking federal habeas corpus relief file a petition in federal district court within one year after his state judgment of sentence becomes final. 28 U.S.C. § 2244(d)(1)(A).[3] It also provides that "properly filed" applications for state post-conviction relief that are pending during its limitations period will statutorily toll the limitations period. 28 U.S.C. § 2244(d)(2).

As noted above, Petitioner's judgment of sentence became final on or around March 1, 2007. Therefore AEDPA's statute of limitations began to run on that date. It was statutorily tolled on the date he commenced his PCRA proceeding, which was August 10, 2007. Between March 1 and August 10, 2007, approximately 162 days of AEDPA's statute-of-limitations period had expired. Therefore, when the statutory toll would be lifted at the conclusion of his PCRA proceeding, he would have approximately 203 remaining of that limitations period to file a timely

---

[3] Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period. His petition for writ of habeas corpus does not indicate that he suffered any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). He has not asserted that his claims are based on a new constitutional right recognized by the Supreme Court of the United States and made retroactive to cases on collateral review. Id. at § 2244(d)(1)(C). He has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. Id. § 2244(d)(1)(D).

5

federal habeas petition.

Petitioner's PCRA proceeding concluded, at the very latest, on or around January 2, 2009.[4] Swartz, 204 F.3d at 421-25 (limitations period for filing federal habeas petition was statutorily tolled during time between the Superior Court's ruling on petitioner's application for postconviction relief and the deadline for filing timely petition for allowance of appeal, even though timely request for petition for allowance of appeal was not filed). AEDPA's statute of limitations began to run again the next day, on January 3, 2009. Since approximately 203 days were remaining before AEDPA's statute of limitations expired, Petitioner had until on or around July 25, 2009, to file a timely federal habeas petition. He did not file his petition with this Court until on or around December 15, 2009 – well outside of AEDPA's statute-of-limitations deadline.

Recently, the United State Supreme Court held that AEDPA's statute-of-limitation period "is subject to equitable tolling in appropriate cases." Holland v. Florida, — U.S. — , 130 S.Ct. 2549, 2560 (2010). The United States Court of Appeals for the Third Circuit has held that "[e]quitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair." Miller v. New Jersey State Dept. of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted). It also has cautioned that "courts should be sparing in their use of this doctrine, applying equitable tolling only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Lacava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005) (internal quotations, citations, and bracketed text omitted).

A petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Holland, 130 S.Ct. at 2562. Neither factor is present in this case.

Petitioner states that he received Hathaway's letter advising him that no petition for allowance of appeal had been filed on or around January 5, 2009. [ECF No. 16 at p. 1]. From that

---

[4] Petitioner had 30 days (until on or around January 2, 2009), to file a petition for allowance of appeal to the Supreme Court of Pennsylvania from the Superior Court's December 3, 2008, Memorandum affirming the denial of PCRA relief. Pa.R.App.P. 1113(a).

date, Petitioner still had approximately 201 days to file a timely federal habeas petition in order to meet AEDPA's July 25, 2009, statute-of-limitations deadline. Nothing extraordinary occurred that prevented him from meeting that deadline.[5] He did not file his habeas petition until December 15, 2009. Such inaction on Petitioner's part fails to demonstrate the diligence required for equitable tolling. Compare Holland, 130 S.Ct. at ___ ("[T]he very day that Holland discovered that his AEDPA clock had expired due to [his attorney's] failings, he prepared his own habeas petition pro se and promptly filed it with the District Court.") (emphasis in original). See LaCava, 398 F.3d at 276 (delay of 21 months to inquire about pending state petition is not sufficiently diligent for tolling).

### D.    Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds

---

[5] The Third Circuit Court has held that "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Merritt v. Blaine, 326 F.3d 157, 169 (3d Cir. 2003) quoting Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001); see also Schlueter v. Varner, 384 F.3d 69, 76-78 (3d Cir. 2004) (attorney's misconduct did not constitute extraordinary circumstances where attorney failed to keep promise to file PCRA petition on time and failed to communicate further with petitioner about the status of the case); Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002) (equitable tolling is not warranted where the petitioner relied on erroneous advice from his state public defender that he had one year from the date of denial of post-conviction relief to file his federal habeas petition). Although extraordinary cases of serious misconduct by an attorney may constitute grounds for equitable tolling, tolling is not warranted for "a 'garden variety' claim of attorney negligence." Holland, 130 S.Ct. at 2564. Whether a particular situation warrants tolling must be made in a fact-specific, case-by-case determination. Id. at 2563. Here, the record shows that Hathaway determined that it would be "fruitless" to pursue a petition for allowance of appeal; however, he did not provide this advisement to Petitioner until after the time period for filing a petition for allowance of appeal had expired. Although Hathaway should have provided Petitioner with notice earlier, his actions did not prevent Petitioner from filing a timely federal habeas petition, since Petitioner received Hathaway's letter long before the expiration of AEDPA's statute of limitations.

without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the Petition for Writ of Habeas Corpus commenced by Petitioner was filed within the one-year limitations period which is provided for under AEDPA. Accordingly, a certificate of appealability is denied.

## II. CONCLUSION

For the foregoing reasons, Respondents' motion to dismiss [ECF No. 8] is granted. The Petition For a Writ Of Habeas Corpus is denied as untimely and the Clerk of Courts is directed to close this case.

An appropriate Order follows.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: September 14, 2010

cc: counsel of record and
Marcus Carder (at his last address of record)
GY-3809
SCI Huntington
1100 Pike Street
Huntington, PA 16654-1112

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARCUS CARDER,** | ) |
| Petitioner, | ) Civil Action No. 09-313 Erie |
| v. | ) |
| **SUPERINTENDENT LAWLER, et al.,** | ) Magistrate Judge Susan Paradise Baxter |
| Respondents. | ) |

## ORDER

AND NOW, this 14th day of September, 2010, it is hereby ORDERED that Respondents' motion to dismiss [ECF No. 8] is GRANTED. The Petition For a Writ Of Habeas Corpus is denied as untimely and the Clerk of Courts is directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge